# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND GARCIA, as a member, and on behalf of CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka SEIU 1107, a non-profit cooperative corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as trustee; MARY K. HENRY, in her official capacity as Union President; EXECUTIVE BOARD OF THE NEVADA SERVICE EMPLOYEES UNION, in official capacity; STEVE URY, individually; DOES; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01340-APG-NJK<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 14) |

The plaintiff has filed an "ex parte application for temporary restraining order on an order shortening time." ECF No. 14. The motion is defective for several reasons. First, it is titled an "ex parte" motion even though it was served upon the defendants. *See* Local Rule IA 7-2(a) ("Ex Parte Defined. An ex parte motion or application is a motion or application that is filed with the court but is not served on the opposing or other parties.").

More problematic, the "ex parte motion" is a nearly identical copy of the motion for preliminary injunction, with only a few new words and sentences scattered throughout. Thus, the new motion is moot because the motion for preliminary injunction is pending.

Finally, the plaintiff previously requested that I resolve his motion for preliminary injunction on an expedited basis. ECF No. 11. Despite having a very busy court schedule, I granted that request, imposed a shortened briefing schedule, and set the motion for hearing on the morning

of June 7, 2017. In his new motion, the plaintiff fails to explain why that June 7 hearing date is too distant. *See* Local Rule IA6-1(d) ("Motions to shorten time will be granted only upon an attorney or party's declaration describing the circumstances claimed to constitute good cause to justify shortening of time."). Because the plaintiff has not offered any reason to further shorten the briefing and hearing schedule on the preliminary injunction motion, I deny his motion for a temporary restraining order.

IT IS THEREFORE ORDERED that the plaintiff's motion for a temporary restraining order **(ECF No. 14) is DENIED.**

Dated: May 26, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE