UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

                Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

                Defendant(s).

Case No. 2:17-cv-01340-APG-NJK

ORDER

(Docket No. 67)

Pending before the Court is Plaintiffs' motion to stay discovery. Docket No. 67. Defendants filed a response in opposition on October 16, 2017. Docket No. 74. No reply has been filed, and the deadline for doing so expired on October 23, 2017. *See* Local Rule 7-2(b). The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff

will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

      Plaintiffs failed to meet these standards.[1] With respect to Defendants' pending motion to dismiss, Plaintiffs contend that the motion "is frivolous [and] has a very low likelihood of success." Docket No. 67 at 8. As Plaintiffs argue the opposite of the governing standard, the pendency of the motion to dismiss is not a basis on which to stay discovery. *Compare Kor Media*, 294 F.R.D. at 581 (the movant must convince the Court that the motion to dismiss will be granted). Moreover, the parties appear to be in agreement that an order granting the motion to dismiss would not actually dispose of the claims at issue here, but rather would render Plaintiffs' claims ripe for adjudication in state court. *See* Docket No. 67 at 13. Hence, the outcome of that motion to dismiss does not ultimately impact the need for discovery, but rather simply transfers the case to a different forum to proceed further. This fact also dooms the motion to stay discovery. *Cf. Kor Media*, 294 F.R.D. at 582 (holding that pendency of motion to transfer was not grounds to stay discovery based on this reasoning).[2]

---

[1] On July 31, 2017, the Court rejected the request to stay discovery that was included with the discovery plan and ordered that such a request must be made by filing a motion or stipulation addressing the pertinent standards. Docket No. 53 at 1. It is not clear why Plaintiffs waited more than two months to file the instant motion on October 2, 2017, Docket No. 67, at which time discovery should have been well underway and the deadline for expert disclosures was imminent, *see* Docket No. 53 (setting initial expert disclosure deadline of October 6, 2017). The motion to stay discovery indicates that Plaintiffs have undertaken no affirmative discovery of any kind. *See* Docket No. 67 at 7 (stating that Defendants have served initial disclosures and propounded written discovery, but that Plaintiffs have only served initial disclosures).

[2] A declaration attached to the motion to stay discovery notes that there is a pending motion to remand and a pending motion to reconsider regarding remand, which Plaintiffs contend "could substantially affect whether this case will proceed in federal court." Docket No. 67 at 3. The declaration states without elaboration that remand would lead to "invalidating the discovery order." *Id.* Plaintiffs have failed to provide any meaningful explanation as to why discovery conducted while litigation is pending in this Court cannot be used in state court proceedings in the event of remand. As such, they have not carried their burden of showing a stay of discovery is appropriate pending resolution of the remand dispute. *Cf. Kor Media*, 294 F.R.D. at 582. Moreover, United States District Judge Andrew P. Gordon has already denied a motion for remand, and the uphill battle Plaintiffs face in seeking reconsideration further militates against staying discovery. *See, e.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2017) (denying motion to stay discovery pending resolution of motion for reconsideration).

Plaintiffs also point to the pendency of their motion to amend the complaint as grounds to stay discovery. Docket No. 67 at 13-14. In particular, Plaintiffs argue that such motion means that the current discovery deadlines will need to be extended. *See id.* at 14. Plaintiffs fail to explain why the Court should stop discovery based on its assertion that a pending motion will lead to the need for further discovery. Quite the contrary, given Plaintiffs' assertion that they "will need a significant amount of additional time to complete discovery," *id.* at 3, the Court is unclear why Plaintiffs have not filed a request to extend discovery deadlines. At any rate, discovery should proceed based on the current claims in the operative complaint and, in the event further amendment is allowed and such amendment requires additional time for discovery, the parties may seek appropriate relief at that time.[3]

For the reasons outlined above, the motion to stay discovery is **DENIED**.

IT IS SO ORDERED.

DATED: October 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Court expresses no opinion herein as to any future request to extend discovery deadlines.