# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAYMOND GARCIA, et al., | Case No. 2:17-cv-01340-APG-NJK |
| Plaintiffs, | **ORDER DENYING IN PART AND GRANTING IN PART THE DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, et al., | (ECF No. 40) |
| Defendants. | |

The defendants move to dismiss the amended complaint, arguing that all of the plaintiffs' state law claims are preempted by section 301 of the Labor Management Relations Act (LMRA). The defendants also move to dismiss Local 1107 as a plaintiff because the Local 1107 Executive Board is named as a defendant in this action and the plaintiffs have no standing to assert claims on the Local's behalf because they do not represent a majority of its governing body. The defendants also move to dismiss the individual defendants because individual union agents cannot be held liable for damages caused by defendant Service Employees International Union's (SEIU) alleged acts. Finally, the defendants contend the plaintiffs have not exhausted internal union remedies prior to bringing this suit, so the complaint should be dismissed.

The plaintiffs respond that the Local is not a "labor organization" within section 301's meaning because it represents public sector employees, so there is no LMRA preemption. The plaintiffs also argue that there is no section 301 preemption where, as here, no collective bargaining agreement is at issue. They contend they have standing to act on behalf of the Local because an individual union member can sue his or her union for breach of the union constitution under section 301.[1] As to exhaustion of internal remedies, the plaintiffs argue the LMRA does not apply to them so they do not have to exhaust. Finally, they contend that even if exhaustion

---

[1] The plaintiffs devote their entire opposition brief to whether the court has jurisdiction under the doctrine of complete preemption. For other arguments, the plaintiffs refer to their response to a prior motion to dismiss (ECF No. 34).

applies, it would be futile because SEIU officials are hostile to the plaintiffs, the SEIU will not find that it acted improperly by imposing the trusteeship, and exhaustion would unreasonably delay hearing the plaintiffs' claims on the merits.[2]

The parties are familiar with the facts in this case and I set forth much of the relevant factual background in my order on the plaintiffs' motions for reconsideration, remand, and leave to supplement. I therefore will not repeat the facts here except where necessary. I grant the defendants' motion in part, as more fully set forth below.

## I. JURISDICTION

The plaintiffs contend there is no subject matter jurisdiction in this case and that I therefore should remand. I have addressed the plaintiffs' arguments about complete preemption in another order, so I will not repeat that analysis here. Suffice it to say, I have jurisdiction over this case, so I will address the remainder of the defendants' motion to dismiss.

## II. EXHAUSTION

Federal courts "have discretion to decide whether to require exhaustion of internal union procedures." *Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679, 689 (1981). In exercising that discretion, the court should consider: (1) "whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim"; (2) "whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301"; and (3) "whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim." *Id.* "Where one of the three *Clayton* factors has not been satisfied, internal union remedies are deemed presumptively inadequate and the district court abuses its discretion by requiring exhaustion." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1062 (9th Cir. 2001). The party who seeks to require exhaustion bears the burden of showing adequate internal union

---

[2] The plaintiffs request sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 based on their view that the defendants have intentionally misrepresented the law to this court. That request is denied.

remedies are available. *Scoggins v. Boeing Co.*, 742 F.2d 1225, 1230 (9th Cir. 1984). "[T]he burden then shifts to the party opposing the motion to respond by affidavits or otherwise and set forth specific facts showing that exhaustion of remedies would have been futile." *Id.*

Both the Local and SEIU constitutions have provisions requiring exhaustion of internal union remedies before bringing suit. ECF Nos. 5-3 at 58, 63; 5-8 at 39-40. The defendants therefore met their burden of showing adequate procedures are available. There is no evidence that SEIU officials are so hostile to the plaintiffs or to Local 1107 and its board that the plaintiffs could not hope for a fair hearing if required to follow the internal appeals process. Nor is there evidence that internal procedures could not work to reverse the trusteeship. The plaintiffs assert that the SEIU will never rule against itself to find it improperly imposed a trusteeship. But if that reasoning were accepted without any evidence in support, no resort to the internal processes would ever be required.

However, in my discretion, I decline to require the plaintiffs to exhaust because it is questionable that the internal procedures could have allowed for a timely judicial hearing on the merits to afford meaningful relief. At the time this litigation was originally filed, collective bargaining with Clark County was underway and the collective bargaining agreement was set to expire on June 30, 2017. ECF No. 21-2 at 3. Under the SEIU's internal procedures, it is supposed to hold a hearing thirty days after imposing an emergency trusteeship and its board must make a decision within sixty days after appointment of the trustee (absent extensions of these deadlines from the SEIU president).[3] ECF No. 5-8 at 21.

Because the trusteeship was imposed on April 28, 2017, even if the internal processes had been conducted within those time frames, the SEIU board could have made a decision on the trusteeship as late as two days before the Clark County bargaining agreement expired. After her appointment, the Trustee replaced the Local's negotiator who had been involved in the bargaining process. There is at least some evidence that members of the bargaining team believed the Local

---

[3] Those deadlines were extended in this case and, as of this date, the SEIU board has not issued a decision on the propriety of the trusteeship or whether it should be maintained.

3

would "lose the momentum and direction of the current bargaining process" without their former negotiator. ECF No. 5-6 at 10, 12.  While the parties may dispute whether the replacement of the negotiator was detrimental to the bargaining unit, it at least provides a basis to conclude that resort to the internal union appeal procedures would not have allowed for a timely judicial hearing on the merits to afford meaningful relief if the trusteeship was in fact imposed improperly.  I therefore deny the defendants' motion to dismiss on the basis of failure to exhaust internal remedies.

**III.  PREEMPTION**

"Complete preemption applies to cases raising claims preempted by § 301." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). Consequently, a state cause of action "that comes within the scope of the federal cause of action necessarily 'arises under' federal law" and thus is removable. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983); *see also Audette*, 195 F.3d at 1111 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." (quotation omitted)).

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Thus, lawsuits for breach of an agreement between labor organizations falls within section 301's preemptive scope. *See United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Industry of U.S. & Can., AFL CIO v. Local 334, United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Industry of U.S. & Can.*, 452 U.S. 615, 622-27 (1981).

In addition to suits for a breach of a labor contract, section 301's preemptive effect also applies to state law claims grounded in the provisions of a labor contract or requiring

1    interpretation of a labor contract. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

2    1032-33 (9th Cir. 2016).  However, "not every dispute concerning employment, or tangentially

3    involving a provision of a [labor contract], is pre-empted by § 301." *Id.* (quotation omitted).

4    Instead, courts engage in a two-step inquiry to determine whether section 301 preempts state law

5    claims. *Id.*

6            First, I determine whether the plaintiff's cause of action involves a right conferred by

7    virtue of state law or by a labor contract. *Id.*  If the right exists "solely as a result" of the labor

8    contract, then the claim is preempted. *Id.* (quotation omitted).  To make this determination, I look

9    to the "legal character" of the claim. *Id.* at 1033 (quotation and emphasis omitted).  The claim is

10   preempted under the first step "[o]nly if the claim is founded directly on rights created by" a labor

11   contract. *Id.* (quotation omitted).

12           If the above analysis shows the right underlying the plaintiff's state law claim "exists

13   independently" of the labor contract, I turn to the second step and ask whether the right "is

14   nevertheless substantially dependent on analysis of" a labor contract. *Id.* at 1032 (quotation

15   omitted).  If so, the state law claim is preempted. *Id.*  If not, then it is not preempted and the claim

16   may proceed under state law. *Id.*  This second step "turns on whether the claim can be resolved by

17   look[ing] to versus interpreting the [labor contract].  If the latter, the claim is preempted; if the

18   former, it is not." *Id.* at 1033 (quotation omitted).  Interpreting a labor contract means something

19   more than considering, referring to, or applying. *Id.*  Additionally, the fact that the defendant may

20   refer to the labor contract as a defense does not mean the claim is preempted. *Id.*  Rather, the

21   plaintiff's claim must depend on interpreting the labor contract. *Id.*

22           **A.  Count One – Breach of Contract**

23           Count one is not preempted because it does not allege a breach of an agreement between

24   labor organizations, nor does it require interpreting a labor contract.  Instead, it alleges the

25   Local's executive board violated the Local's own constitution by voting for the trusteeship. ECF

26   No. 29 at 7.  A local union's constitution is a contract between the local and its members, not a

27   contract between labor organizations. *See Bermingham v. Castro*, 191 F.3d 459 (9th Cir. 1999)

28

(unpublished) (citing *Korzen v. Local Union 705, Int'l Bhd. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996)).  Count one refers to the affiliation agreement, which is a contract between two labor organizations, but the claim is not based on the board breaching that agreement.  Count one alleges that the board took certain actions "in violation of Local 1107's Constitution and Bylaws and express waiver provision of the Contract," the contract being the affiliation agreement. ECF No. 29 at 8.  Although this allegation refers to a violation of the affiliation agreement, this claim's essence is that the Local's board violated the Local's constitution, not the affiliation agreement. *See* ECF No. 39 at 27-28.  To the extent I misunderstand this claim or the plaintiffs later seek to allege the Local's board also breached the affiliation agreement, then such a claim would be preempted.

This claim will not require interpretation of the affiliation agreement.  It will require reference to the affiliation agreement to see that it has a provision that waives the trusteeship provisions in the SEIU constitution unless the Local's board votes in favor of the trusteeship.  But as I understand this claim, the plaintiffs are alleging that regardless of the waiver provision in the affiliation agreement, the Local's board lacked the power under its own constitution to vote in favor of a trusteeship. *See id.*  I therefore deny the defendants' motion to dismiss this claim as preempted.

**B.  Count Two – Breach of the Affiliation Agreement**

I have already discussed in another order why this claim is preempted.  However, preemption does not mean the claim necessarily is dismissed.  Rather, I will treat this claim as one under section 301 of the LMRA. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (stating that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law" (internal citation omitted)).

/ / / /

/ / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.  Count Three – Breach of the Implied Covenant of Good Faith and Fair Dealing

Count three alleges the defendants breached the covenant of good faith and fair dealing in the affiliation agreement and in the SEIU constitution. ECF No. 29 at 11.  The affiliation agreement and the SEIU constitution are labor contracts. *See Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1070 (9th Cir. 2010) (international union constitution is "an agreement between the international union and its local affiliates"); *United Bhd. of Carpenters & Joiners of Am., Lathers Local 42-L v. United Bhd. of Carpenters & Joiners of Am.*, 73 F.3d 958, 961 (9th Cir. 1996) ("An agreement of affiliation between unions is a contract between labor organizations.").  Because resolution of this claim would require interpreting contracts between labor organizations, it is preempted. *See Audette*, 195 F.3d at 1112 (holding a breach of the good faith covenant is preempted because it "derives from the contract [and] is defined by the contractual obligation of good faith" (quotation omitted)).  However, I do not dismiss it.  Instead, I treat it as a section 301 claim.

### D.  Count Four – Fraudulent Misrepresentation

Count four alleges that SEIU officers intentionally falsely represented to the Local executive board that it "was required to grant the International Union a trusteeship because Local 1107's Constitution did not provide for a process to fill simultaneous vacancies of the President and Vice President positions of Local 1107." ECF No. 29 at 12-13.  This claim is not preempted. It does not allege breach of a contract between labor organizations.  The source of the plaintiffs' right is state law prohibiting false representations.  No interpretation of the affiliation agreement or SEIU constitution will be required to resolve this claim.  The only misrepresentation alleged in the amended complaint relates to the Local's own constitution.  The Local's constitution is not an agreement between labor organizations.  Consequently, this claim is not preempted.  However, as discussed below, the plaintiffs lack standing to assert it because the misrepresentation was made to the Local 1107 executive board, not to the individual plaintiffs.  I therefore grant the defendants' motion to dismiss this claim.

/ / / /

### E.  Count Five – Negligent Misrepresentation

Count five alleges that the SEIU "failed to exercise reasonable care or confidence in obtaining or communicating to the [Local's] Board their rights under the Contract and Local 1107 Constitution." ECF No. 29 at 13-14.  This claim asserts that the SEIU gave incorrect information about the Local's rights under the affiliation agreement.  To determine whether that information was in fact a misrepresentation will require an interpretation of the affiliation agreement, which is a contract between labor organizations.  This claim therefore is preempted.  However, I do not dismiss it.  Instead, I treat it as a section 301 claim.

### F.  Count Six – Legal Malpractice

Count six alleges defendant Steve Ury represented to the Local's board that an attorney/client relationship existed between him and the board. ECF No. 29 at 15.  It further alleges Ury gave legal advice to the board, but that he failed to disclose he operated under a conflict of interest and made misrepresentations about the board's rights "under the Contract and Local 1107's Constitution." *Id.*

The portion of this claim that asserts Ury made misrepresentations under the affiliation agreement is preempted because it will require an interpretation of the affiliation agreement to determine if Ury's statements misrepresented the board's rights under an agreement between labor organizations.  This portion of count six therefore is preempted.  However, I do not dismiss it.  Instead, I treat it as a section 301 claim.

The portion of this claim that Ury failed to disclose he operated under a conflict of interest is not preempted.  It does not allege a breach of an agreement between two labor organizations. The right underlying the legal malpractice claim arises from state law, and resolution will not require the interpretation of a labor contract.  According to the amended complaint, Ury represented that he was there to give legal advice to the Local's board but he also represented the SEIU, which was looking to place the Local into a trusteeship. *Id.* at 15.  Determining whether

////

////

1   Ury acted under a conflict of interest will not require interpretation of either the affiliation

2   agreement or the SEIU constitution.[4]  This portion of count six therefore is not preempted.

3          However, the plaintiffs lack standing to assert this claim.  The amended complaint alleges

4   that Ury represented to the Local's board, not its individual members, that an attorney/client

5   relationship existed.  As discussed below, the plaintiffs lack standing to assert claims on behalf of

6   the Local 1107 or its executive board.  I therefore grant the defendants' motion to dismiss this

7   portion of the claim.

8          **G.  Count Seven – Breach of Fiduciary Duty**

9          Count seven alleges that the defendants owed the plaintiffs as union members a fiduciary

10  duty and that they breached that duty by making misrepresentations about the rights of the

11  Local's board under the affiliation agreement and the Local constitution.  Resolution of this claim

12  would require interpretation of the affiliation agreement because it asserts that the defendants

13  breached fiduciary duties by giving incorrect information about the Local's rights under the

14  affiliation agreement.  To determine whether the defendants owe a fiduciary duty will require

15  interpretation of the SEIU constitution.  To determine whether the information given was in fact a

16  misrepresentation will require interpreting the affiliation agreement.  This claim therefore is

17  preempted.  However, I do not dismiss it.  Instead, I treat it as a section 301 claim.

18  **IV.  LOCAL 1107 AS PLAINTIFF**

19         The defendants move to dismiss Local 1107 and its executive board[5] as plaintiffs because

20  the Local's executive board is named as a defendant in this action and the plaintiffs have no

21  standing to assert claims on the union's behalf because they do not represent a majority of its

22  governing body.  The plaintiffs respond that under applicable Supreme Court and Ninth Circuit

23  precedent, members of a union may bring a section 301 claim for breach of a union constitution.

24

25  ───────────────

26  [4] The amended complaint also alleges Ury engaged in the unauthorized practice of law in
    Nevada. ECF No. 29 at 15.  The plaintiffs state they are not pursuing a legal malpractice claim on
    this basis. ECF No. 34 at 9.

27

28  [5] The Local's Executive Board is not listed as a plaintiff in the amended complaint. *See* ECF No.
    29.  However, the plaintiffs assert some claims that could be brought only by the board.

Local 1107 is not a proper plaintiff in this action.  The plaintiffs assert a claim against Local 1107's executive board as a defendant in count one.  Additionally, although the plaintiffs are correct that they may bring their section 301 claims as union members for breach of a union constitution, that does not mean the Local is a proper plaintiff.  The plaintiffs may bring the LMRA claims themselves. *See Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 101 (1991) (holding an individual union member may bring suit under section 301 for breach of a contract between an employer and a labor organization or between labor organizations).  The plaintiffs have not presented argument or legal authority as to why they should be able to bring claims in the name of Local 1107 or on behalf of its executive board when they do not represent a majority of the executive board. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 544 (1986).  I therefore grant the defendants' motion to dismiss Local 1107 as a plaintiff.

## V.  INDIVIDUAL DEFENDANTS

The defendants move to dismiss the individual defendants because they cannot be liable under the LMRA for damages caused by SEIU's alleged acts.  The plaintiffs respond that because their claims against the individual defendants arise under state law, the section of the LMRA that precludes money damages against individual union agents does not apply.

Section 301(b) of the LMRA provides that "[a]ny money judgment against a labor organization . . . shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b).  The individual defendants therefore cannot be individually liable for damages on the plaintiffs' section 301 claims.  Because the plaintiffs' only surviving state law claim is count one against only the Local 1107 executive board, the plaintiffs have no surviving claim against the individual defendants.  I therefore dismiss them.

## VI.  CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 40) is GRANTED in part**.  Count four for fraudulent misrepresentation and the part of count six alleging legal malpractice based on a conflict of interest are dismissed.  The Local 1107 is
/ / / /

dismissed as a plaintiff.  Defendants Luisa Blue, Mary Henry, and Steve Ury are dismissed as defendants.

Dated: October 25, 2017

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE