# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

Seeking an order that judicial filings be sealed is a straightforward endeavor. The local rules explain the basic procedure for seeking such relief, Local Rule IA 10-5, and the Court has issued an order in this case establishing a procedure for seeking such relief with respect to filing another party's confidential information, Docket No. 121. The Ninth Circuit has also developed a robust body of law explaining the applicable standards and how they are met. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Now pending before the Court is Plaintiffs' third attempt to seal documents in relation to their motion to compel. Docket No. 134-36.[1] As an initial matter, Plaintiffs filed not only some

---

[1] Throughout this process, the Court has received several telephone calls in chambers from counsel for the parties seeking guidance as to the applicable sealing procedures and/or the meaning of the Court's previous order. As the Court's staff explained on each of those calls, an attorney violates the prohibition against *ex parte* communications by calling chambers without the presence of opposing counsel. *See* Local Rule IA 7-2(b). Moreover, absent extraordinary circumstances not present here, parties must seek relief by filing a written request on the docket, not by calling chambers. *See, e.g.*, Local Rule 7-2(a). Lastly, "[i]t is not the responsibility of the Court's staff to take time away from their other duties to educate counsel on the basic procedures of practicing law in this Court." *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 U.S. Dist. Lexis 46542, at *4 n.4 (D. Nev. Apr. 8, 2015). **Moving forward counsel shall refrain from calling chambers in any manner that violates these rules.** Failure to do so may result in the imposition of sanctions.

1

exhibits under seal pending resolution of their motion to seal, but also filed the motion to seal itself and the supporting declaration thereto under seal. Docket Nos. 135, 135-1. A motion to seal should not generally be filed under seal. *E.g.*, *Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). No explanation has been provided as to why the motion itself or supporting declaration thereto should be sealed. Accordingly, **the Court will unseal the motion to seal itself (Docket No.135) and the declaration in support of that motion to seal (Docket No. 135-1) unless a further motion is filed explaining why they should remain sealed by 3:00 p.m. on July 13, 2018**.

In addition, the parties have now also filed a further motion to seal one of the exhibits that was filed on the public docket should have been filed under seal. Docket No. 136. Despite a clear requirement that the parties confer on the filing of such an exhibit *beforehand*, *see, e.g.*, Docket No. 121, the parties now indicate that "Defendants did not previously realize Plaintiff intended to file such material," Docket No. 136-1 at ¶ 3. The Court is unclear why the parties did not comply with its clear directive. *See, e.g.*, Docket No. 133 ("Any renewed filings must comply with the procedures for sealing outlined in Docket No. 121"). Nonetheless, as a one-time courtesy to the parties, the Court will allow the subject document to be sealed on an interim basis pending resolution of the motion to seal. Accordingly, the Clerk's Office is **INSTRUCTED** to seal Docket No. 134-17 ("Exhibit 21").[2]

**The Court expects strict compliance with the sealing procedures moving forward.**

IT IS SO ORDERED.

Dated: July 12, 2018

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge

---

[2] The Court herein expresses no opinion as to the merits of the motion to seal and, in particular, whether the applicable sealing standard has been met for this particular exhibit such that the Court will allow it to remain sealed indefinitely.