# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

[Docket Nos. 135, 136, 148]

Pending before the Court are three motions to seal related to discovery motion practice. Docket Nos. 135, 136, 148.

At issue are hundreds of pages of documents produced by Defendants in this case. Defendants filed declarations that assert at times that "portions" of these documents are sealable. *See, e.g.*, Docket No. 135-1 at ¶ 9 ("portions of the memorandum designated 'Confidential' address sensitive internal organizing strategy"). Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the

possibility of redacting the sensitive material"). Absent from Defendants' filings is an explanation why redaction, rather than wholesale sealing of these exhibits, is not appropriate. The Court hereby **ORDERS** Defendants to file copies of these exhibits with proposed redactions targeted at the particular confidential information within these documents. Defendants shall also file a supplement explaining the basis for allowing secrecy as to each redaction proposed and explaining why redaction is not feasible for any documents for which wholesale sealing is sought. This supplement must be complete in itself and must provide a basis for each sealing/redaction request being made.[1] Defendants shall comply with this order by September 13, 2018.

With respect to Docket Nos. 135 and 135-1, the Court provided the parties with an opportunity to explain why such documents should be sealed, Docket No. 137 at 2, and no filing was made doing so. Docket No. 135-2 is similarly not sealable. That exhibit consists of an email exchange between counsel regarding the stipulated protective order entered in this case and the procedures for filing documents under seal. As such the Clerk's Office is **INSTRUCTED** to unseal the filings at Docket Nos. 135, 135-1, and 135-2. The Court **DEFERS** ruling on the other aspects of the motions to seal pending the filing of the supplement identified above.[2]

IT IS SO ORDERED.

Dated: September 6, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Defendants at times purport to incorporate by reference arguments made elsewhere. *See* Docket No. 148-1 at ¶ 3. The Court declines to proceed in that fashion. The page limitations for motions shall not apply to this filing, though Defendants should be as concise as the subject matter permits.

[2] As such, for the time-being, the following exhibits shall remain sealed: Docket Nos. 134-17, 135-3, 135-4, 135-5, 135-6, 149.