UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

[Docket No. 173]

Pending before the Court is Plaintiffs' motion to seal that, like its predecessors, is improper for numerous reasons. Docket No. 173.

As an initial matter, the motion to seal is itself filed under seal. *But see Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). Plaintiffs state without elaboration that the motion to seal is filed under seal because they decided to quote therein from the documents for which sealing is being sought. Docket No. 173 at 11 n.3.[1] Motions to seal should not ordinarily require explicit discussion of the information for which secrecy is sought, and the instant motion appears almost entirely targeted at impugning the opposing party rather than discussing whether good cause exists for sealing. *See, e.g.*, Docket No. 173 at 3 ("**Defendants Intentionally Withheld This Evidence Knowing It Was Relevant In Order To Maintain Improper Objections to Plaintiffs' Discovery Requests**" (emphasis in original)). A motion to seal is a vehicle for addressing the Ninth Circuit standards for sealing and

---

[1] As the Court has already explained, such reasoning would not warrant sealing and would warrant at most redactions.

1

explaining the movant's position on whether those standards are met; it is not a vehicle to raise other arguments divorced from that inquiry.[2] The Court hereby **STRIKES** the motion to seal itself because it is largely irrelevant to the issue at hand.

In addition, several of the exhibits for which sealing is sought are plainly not sealable. By way of example, Plaintiffs attached as Exhibit 1 to the motion to seal a publicly-available transcript of a hearing that was itself open to the public. *Compare* Docket No. 173-1 (filed under seal) *with* Docket No. 80. It is not clear why Plaintiffs are seeking to seal a document that is already in the public domain. Similarly, another exhibit appears to be publicly-available printouts of websites. *See* Docket No. 173-9.

Lastly, it is unclear which documents Defendants believe warrant secrecy. Defendants' declaration in support of sealing request provides argument as to only a single page of one exhibit. Docket No. 173-10 (identifying reasons for redacting SEIU 13239).[3] Hence, it is unclear whether Defendants consent to the unsealing of the ten exhibits at issue, except for the one page identified in that declaration.

For the time-being, the Court will allow the exhibits thereto to remain under seal. Plaintiffs shall immediately serve Defendants with Docket No. 173 and the ten exhibits thereto.[4] Plaintiffs shall file a proof of service to that effect by September 24, 2018. *See, e.g.*, Local Rule IA 10-5(c). To the extent any party believes any exhibit or portion thereof warrants secrecy, that party shall file a supplement that (1) identifies with particularity the information for which secrecy is appropriate, (2) identifies redactions to the extent feasible, and (3) explains why good cause exists for each sealing/redaction request being made. Such supplements shall be limited to the sealing

---

[2] To the extent this filing was really a means to supplement Plaintiff's reply brief on the motion to compel, it is improper. Most obviously, allowing additional argument on that brief would run afoul of the rules governing page limitations. *See* Docket No. 166 (providing 12-page reply); Local Rule 7-3(b) (replies are limited to 12 pages).

[3] For unknown reasons, Plaintiffs also filed that declaration under seal.

[4] Plaintiffs included with the motion to seal a certificate of service for the motion itself, but it is not clear that the exhibits currently at issue were also served. *See* Docket No. 173 at 12.

issues currently before the Court, and shall be filed no later than September 28, 2018.[5]  Any such supplement must be complete in and of itself, and must provide a basis for each sealing/redaction request being made.

The Court has already provided ample guidance to the parties on what should be a routine procedural matter of seeking to file documents under seal.  *See, e.g.*, Docket No. 164.  The Court will not continue to indulge plainly improper filings moving forward and, to the extent they are unable to understand how to follow the Court's basic procedures, counsel need to obtain the training and/or professional guidance to competently practice in this Court.

In light of the above, the Court **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to **STRIKE** the motion to seal at Docket No. 173.
- The Clerk's Office is further **INSTRUCTED** to continue maintaining under seal for the time-being the following:  Docket Nos. 173-1, 173-2, 173-3, 173-4, 173-5, 173-6, 173-7, 173-8, 173-9, and 173-10.
- Plaintiffs shall immediately serve Defendants with Docket No. 173 and the ten exhibits thereto, and shall file a proof of service by September 24, 2018.
- The Court **DEFERS** ruling on whether the above exhibits (or portions thereof) warrant secrecy.  To the extent either party seeks sealing or redaction to any of the ten exhibits at issue, that party must file a supplement by September 28, 2018, as outlined above.

IT IS SO ORDERED.

Dated: September 21, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] To the extent Defendants consent to the unsealing of all of the exhibits except for SEIU 13239, they shall file a notice so indicating.  Defendants shall also identify with particularity their proposed redactions with respect to SEIU 13239