UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

[Docket No. 173]

Pending before the Court is Plaintiffs' motion to seal. Docket No. 173. The Court provided all parties with the opportunity to file a supplement providing a basis for sealing or redacting any of the subject documents and ordered that any such supplement be filed by September 28, 2018. *See* Docket No. 183.[1] Defendants filed such a supplement. Docket No. 185.

Docket No. 173-4 is an email that is bates-stamped SEIU 13239. Defendants have now filed two proposed redactions to that exhibit. *See* Docket No. 185-1. The first redaction seeks to obscure the name of another local for which the email provides confidential discussion of a trusteeship. *See* Docket No. 185 at 7. The second redaction seeks to obscure the name of an SEIU affiliate and another labor union about which there were sensitive confidential communications. *See id.* The Court may allow those redactions upon a particularized showing of good cause.

---

[1] In violation of this order, Plaintiffs did not file a proof of service evidencing that they had provided all of the documents at issue to Defendants. The Court expects strict compliance with its orders in the future.

1

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). For good cause shown, the motion to seal is **GRANTED** with respect to this particular exhibit in light of the redactions proposed.

Docket No. 173-10 is a declaration filed in support of the motion to seal. It does not appear that Defendants seek to seal that declaration. *See* Docket No. 185. Accordingly, that declaration shall be **UNSEALED** at this time.

The remaining exhibits at issue do not appear to have been submitted in relation to the underlying reply brief to the motion to compel. *See* Docket No. 185 at 2. Instead, those exhibits appear to have been filed in relation to ancillary issues that were raised in the motion to seal, but were not pertinent to the standards governing sealing. *Cf.* Docket No. 183 at 1-2 (striking the motion to seal itself as addressing issues not pertinent to the sealing standards). Because those exhibits were apparently not filed in support of the underlying reply brief to the motion to compel and their relevance to the sealing standards is not clear, the Court will **STRIKE** those exhibits.

Accordingly, the motion to seal is hereby **GRANTED** in limited part. In particular, the Clerk's Office shall maintain under seal the unredacted exhibit at Docket No. 173-4. The Clerk's Office shall unseal the declaration at Docket No. 173-10. Lastly the Clerk's Office shall strike the remaining exhibits at issue: Docket Nos. 173-1, 173-2, 173-3, 173-5, 173-6, 173-7, 173-8, and 173-9.

IT IS SO ORDERED.

Dated: October 1, 2018

                                                                            Nancy J. Koppe
                                                                            United States Magistrate Judge