# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND GARCIA, et al., | Case No.: 2:17-cv-01340-APG-NJK |
| Plaintiffs | **Order Denying Motion for Preliminary Injunction and Denying Motion for Reconsideration** |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, et al., | [ECF Nos. 206/209, 214] |
| Defendants | |

The plaintiffs move for injunctive relief requesting I end the pending trusteeship, enjoin the defendants from further managing the affairs of Local 1107, enjoin the discipline imposed on plaintiff Cherie Mancini, and restore Mancini to her position as Local 1107's president.

To qualify for a preliminary injunction, the plaintiffs must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiffs must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

As to undoing Mancini's discipline and restoring her to the office of president, the plaintiffs have not shown a likelihood of success on the merits. I have already ruled, and the Ninth Circuit affirmed, that some evidence supported the discipline imposed on Mancini. *See* ECF No. 175. Nothing the plaintiffs present in their current motion alters that analysis. Thus, regardless of whether the trusteeship remains in place or is dissolved, Mancini would not be

reinstalled as president because she was removed from office due to discipline, not due to the trusteeship.

As to whether the trusteeship should be discontinued, the plaintiffs have not shown a likelihood of success on their claim. Under 29 U.S.C. § 464(c), after a trusteeship has been in place for 18 months, "the trusteeship shall be presumed invalid . . . and its discontinuance shall be decreed unless the labor organization shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under section 462 of this title." Allowable purposes include "correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization." 29 U.S.C. § 462.

The evidence presented by the plaintiffs only strengthens my prior ruling that the trusteeship was initially imposed for a proper purpose, a conclusion with which the Department of Labor has agreed. *See* ECF No. 220-2. There is ample evidence of chaos within Local 1107 in the year preceding the trusteeship, including efforts by some members to decertify the union, internal faction wars, inability to conduct meetings without devolving into shouting matches and near physical altercations, the police being called on one occasion, and members obtaining restraining orders against other members. *See* ECF Nos. 206, 208. Although the presumption of the trusteeship's validity has expired, this evidence bolsters the analysis as to why there is a clear and convincing need to continue the trusteeship.

After instituting the trusteeship, the defendants faced several had pressing matters before they could turn to restoring local control. They had to (1) address looming collective bargaining negotiations, (2) tackle financial issues (including failure to pay appropriate taxes, file campaign

2

finance reports, and make required pension payments), (3) overhaul a malfunctioning grievance procedure, (4) restore communication with members, and (5) repair the rift that had developed between various sectors of the union. *See* ECF Nos. 220-6, 220-7.  Additionally, the hearing officer had concluded that some of the dysfunction at Local 1107 stemmed from its constitution and bylaws.  The trustees thus created a committee to work on amending the constitution and bylaws, drawing on members from many different employers. ECF Nos. 220-7; 220-10; 220-11. That committee has unanimously proposed a new constitution and bylaws, which is currently being voted on by the union members. *Id.*

Discontinuing the trusteeship now would result in significant disruption to Local 1107. That would restore it to a time when it had a dysfunctional executive board and was without a president or vice president, because those two officers had been removed in disciplinary proceedings.  The trusteeship has addressed, and is addressing, proper statutory purposes such as correcting financial malpractice and restoring democratic processes.  The trustees intend to return the union to local control by the first quarter of 2019.  To disrupt the vote on the proposed new constitution and subsequent officer elections would be to defeat, rather than actualize, union democratic processes.

If the plaintiffs believe that the proposed new constitution is not in the members' best interests, their remedy is to vote against it and to persuade their fellow union members to do the same.  If the constitution passes, then the trustees will set up elections for the officer positions, which the plaintiffs can run for or support candidates who share their views.  If they win, they may attempt to make whatever changes they believe are appropriate.

But clear and convincing evidence before me shows that to go back to the pre-trusteeship status quo now is to invite a repeat of the same chaotic conditions that led to the trusteeship in

3

the first place. A continuation of the trusteeship is necessary for the allowable purpose of restoring democratic procedure at Local 1107, with a view to restoring local control in the coming months. Because the plaintiffs have not shown a likelihood of success on the merits, I deny the motion for a preliminary injunction.

IT IS THEREFORE ORDERED that the plaintiffs' motion for preliminary injunction **(ECF Nos. 206/209) is DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' motion for reconsideration **(ECF No. 214) is DENIED**.

DATED this 11th day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE