UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND GARCIA, et al.,<br>    Plaintiff(s),<br>v.<br>SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,<br>    Defendant(s). | Case No.: 2:17-cv-01340-APG-NJK<br><br>**Order**<br><br>[Docket No. 202] |

Pending before the Court is Plaintiffs' motion to modify previous orders. Docket No. 202. Defendants filed a response in opposition. Docket No. 213. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part as follows.

First, Plaintiffs primarily seek relief regarding the Court's order establishing the procedure for filing another party's confidential information with the Court. As the Court has done in hundreds of other cases, it issued an order in this case mandating notice to a designating party and the provision of a declaration in support of sealing prior to the filing of a motion to seal. Docket No. 121. Contrary to Plaintiffs' argument, there is nothing unclear, illogical, or unfair about this procedure. Nonetheless, it is clear that there has been difficulty in this case to comply with this pre-filing procedure and, as a courtesy to the parties, the Court will modify its order regarding sealing. Specifically, the Court will issue an amended order concurrently herewith that does not require advanced notice or the provision of a declaration before a motion to seal is filed.

Second, the Court also provides clarification as follows.[1] To the extent the filer of motion to seal another party's document(s) does not believe the sealing standards are met with respect to the document(s) at issue, argument to that end may be included in the motion itself. To the extent possible, such argument should be presented in a manner that does not reveal the substance of the information at issue. Briefing on motions to seal shall be limited to addressing the sealing standards and is not a vehicle for raising extraneous issues, including whether another party's decision to designate that document as confidential was proper. Whether sealing a document filed with the Court is proper and whether a confidentiality designation is proper are distinct issues. To the extent there is a challenge to a confidentiality designation itself, that issue must be resolved pursuant to the procedures established by the order at Docket No. 120 at ¶¶ 6.1, 6.2, and 6.3.

Third, Plaintiffs appear to ask the Court to revisit a prior ruling allowing redactions to certain documents. *See* Docket No. 202 at 15-22 (discussing the order at Docket No. 177). Although they themselves filed motion papers that ultimately prompted that order, *see* Docket Nos. 135, 136, 148, Plaintiffs provide an overarching argument that they were not afforded sufficient opportunity to address the documents at issue, Docket No. 202 at 15. The Court will construe this aspect of the instant motion as a request to file an opposition to Defendants' supplement filed at Docket No. 174, which will be granted. To the extent they wish to respond to that supplement, Plaintiffs shall do so by January 22, 2019. Defendants may reply by January 29, 2019. This briefing shall be limited to addressing the sealing standards as applied to the particular redactions at issue and may not raise extraneous issues. Once those briefs have been filed, the Court will consider whether to revisit its prior ruling allowing the redactions.

IT IS SO ORDERED.

Dated: January 15, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[1] There appears to be nothing confusing or unclear that requires clarification. Nonetheless, the Court is providing this clarification as a courtesy and as a means to avoid unnecessary delays in advancing this case.