1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11 RAYMOND GARCIA, et al.,

Plaintiff(s),

Case No.: 2:17-cv-01340-APG-NJK

12

v.

13 **Order**

[Docket No. 221]

SERVICE EMPLOYEES

14 INTERNATIONAL UNION, et al.,

15 Defendant(s).

16      Pending before the Court is Plaintiffs' motion to compel production of documents. Docket

17 No. 221. Defendants filed a response in opposition. Docket No. 237. Plaintiffs filed a reply.

18 Docket No. 243. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

19      On September 6, 2018, the Court issued an order resolving a previous motion to compel

20 raising a panoply of challenges to Defendants' invocation of attorney-client privilege. Docket No.

21 163. The Court ruled that:

22      (1) at-issue waiver does not foreclose Defendants' invocation of privilege, *id.* at 5-7

23      (analyzing that contention and ruling that "the Court does not find that at-issue waiver

24      exists in this case, and this aspect of the motion to compel will be denied");

25      (2) anticipatory waiver does not foreclose Defendants' invocation of privilege, *id.* at 7 n.5

26      (discussing that doctrine and ruling that "at-issue waiver . . . does not apply on the facts of

27      this case");

28

(3) the fiduciary duty exception does not foreclose Defendants' invocation of privilege, *id.* at 7-8 (analyzing that exception and ruling that "the Court does not find that the fiduciary exception applies in this case, and this aspect of the motion to compel will be denied"); and (4) the crime-fraud exception does not foreclose Defendants' invocation of privilege, *id.* at 8-9 (analyzing that exception and ruling that "the Court does not find that the crime-fraud exception applies in this case and is further unpersuaded that an *in camera* review is appropriate. These aspects of the motion to compel will be denied").

In addition, the Court outlined the standards governing the attorney-client privilege for in-house counsel and ruled that the "Draft Outline for EVP Neal Bisno Presentation to Local 1107 Executive Board" (bates-stamped SEIU 3476-3486) is privileged. Docket No. 163 at 2-4 ("the Court is persuaded that this draft outline was provided for the primary purpose of rendering legal advice, and this aspect of the motion to compel will be denied"). The only issue presented through the previous motion to compel that was left unresolved was the parties' dispute as to whether 80 additional documents involving in-house counsel satisfied the primary-purpose test such that the attorney-client privilege applied. *Id.* at 4 (with respect to these insufficiently addressed documents, "this aspect of the motion to compel will be denied without prejudice"). Even with respect to these additional documents, however, the Court noted that the analysis already provided in the order should give sufficient guidance for the parties to resolve their differences without further Court involvement. *Id.* at 4 & n.3. Hence, that order sufficed to resolve any disputes ruled upon therein and any other disputes foreclosed by the logic and reasoning articulated.

The instant motion to compel retreads much of the ground already covered by the Court's prior order. For example, the motion argues that "at-issue waiver" applies for some of the documents already involved in the previous motion to compel for which the Court rejected that same argument. *See* Docket No. 221 at 24:13-24:23 (providing bates ranges of documents that overlap with the documents that were subject to the Court's prior order as identified in the previous motion to compel, at Docket No. 134 at 17, 20). The instant motion to compel also re-argues that the "Draft Outline for EVP Neal Bisno Presentation to Local 1107 Executive Board" (bates-stamped SEIU 3476-3486) is not privileged, *see* Docket No. 221 at 17-20, despite the Court's

explicit order to the contrary, Docket No. 163 at 2-4.  Nonetheless, the motion fails to address the stringent standards for reconsideration.[1]

The same holds true for privilege designations that were not directly at issue in the previous motion to compel and resulting order, but for which any current dispute is resolved by application of the reasoning already articulated by the Court.  On this front, Plaintiffs make the convoluted argument that:

> this is not a Motion to Reconsider as it relates to the second privilege log produced after the last Motion to Compel was filed. **The issues are the same, however, and granting of this Motion would result in a basis to grant a Motion for Reconsideration** anyway, thus ruling on all issues at once is in the interest of judicial economy.

Docket No. 243 at 14 (emphasis added).  If the present issues are the same as those already decided such that granting relief now would be inconsistent with the prior order, then Plaintiffs are seeking reconsideration of the prior order.  As already highlighted by the Court, its reasoning and conclusions should be applied to additional disputes involving the same or substantially similar issues.  Docket No. 163 at 4 & n.3.  The Court declines to revisit its rulings simply because the same dispute has arisen with respect to newly identified documents or privilege designations.

//

//

//

//

//

//

---

[1] "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted).  Motions for reconsideration are disfavored.  Local Rule 59-1(b).  Reconsideration of an interlocutory order may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.  Local Rule 59-1(a).  It is well-settled that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *E.g.*, *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (citation and internal quotations omitted).  On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts."  Local Rule 59-1(b).

In short, the Court declines to resolve the instant motion because it seeks reconsideration of a previous order without providing a sufficient explanation that such extraordinary relief is warranted. The motion to compel is **DENIED** with respect to the implicit request for reconsideration. With respect to any genuine dispute between the parties that is not foreclosed by the holdings of the previous order or by application of the logic and reasoning articulated therein, a renewed motion may be filed by January 30, 2019.

IT IS SO ORDERED.

Dated: January 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge