# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

[Docket Nos. 216, 224, 227]

Pending before the Court are several motions to seal, Docket Nos. 216, 224, and 227, and an omnibus response in support of sealing, Docket No. 230. The filings are confusing and insufficient to allow for a ruling. Given the circumstances, the Court **DENIES** the motions to seal without prejudice. The Clerk's Office is **INSTRUCTED** to maintain the subject documents under seal for the time-being pending further motion practice as outlined herein.

No later than January 30, 2019, Defendants shall file an omnibus motion to seal that provides specific, separate discussion as to each document that is currently at issue. From the Court's review of the docket, it appears that the following documents are at issue and the motion must be structured to separately discuss each document:

    A. Docket No. 217: Excerpts of the transcript of the deposition of April Verrett;

    B. Docket No. 217-1: Excerpts of the transcript of the deposition of Mary Kay Henry;

    C. Docket No. 217-2: Excerpts of the transcript of the deposition of Neal Bisno;

    D. Docket No. 217-3: Excerpts of the transcript of the deposition of Deirdre Fitzpatrick;

1

E. Docket No. 217-4 at 3-8: Defendants' written supplemental responses to Plaintiffs' third set of requests for production of documents;

F. Docket No. 217-4 at 9-10: Email chain Bates-stamped SEIU 13366-13367;

G. Docket No. 217-4 at 11-16: Email chain Bates-stamped SEIU 13368-13373;

H. Docket No. 217-4 at 17-27: Hearing notice Bates-stamped SEIU 13374-13384;

I. Docket No. 217-4 at 28-30: Statement of procedures Bates-stamped SEIU 13385-13387;

J. Docket No. 217-4 at 31: Notice of continuation Bates-stamped SEIU 13388;

K. Docket No. 217-4 at 32-35: Hearing notice Bates-stamped SEIU 13389-13392;

L. Docket No. 217-4 at 36-38: Statement of procedures Bates-stamped SEIU 13393-13395;

M. Docket No. 217-4 at 39: Proof of service;

N. Docket No. 225: Excerpts of the transcript of the deposition of Deirdre Fitzpatrick;

O. Docket No. 225-1: Excerpts of the transcript of the deposition of Neal Bisno;

P. Docket No. 225-2: Excerpts of the transcript of the deposition of Mary Kay Henry;

Q. Docket No. 226 at 1-6: Defendants' written supplemental responses to Plaintiffs' third set of requests for production of documents;[1]

R. Docket No. 226 at 7-8: Email chain Bates-stamped SEIU 13366-13367;

S. Docket No. 226 at 9-14: Email chain Bates-stamped SEIU 13368-13373;

T. Docket No. 226-1: Defendants' written responses to Plaintiffs' fourth set of requests for production;

U. Docket No. 226-2 at 2: Email chain Bates-stamped SEIU 12312;

V. Docket No. 226-2 at 3-5: Email Bates-stamped SEIU 7765-7767;

W. Docket No. 226-2 at 6: Email Bates-stamped SEIU 12310;

X. Docket No. 226-3 at 2: Email chain Bates-stamped SEIU 12312;

Y. Docket No. 226-3 at 3-5: Email Bates-stamped SEIU 7765-7767;

---

[1] To the extent that a document listed herein is identical to one listed earlier, Defendants must still include a separate section specific to the later docket entry in which they must so indicate.

Z. Docket No. 226-3 at 6: Email Bates-stamped SEIU 12310; and

AA. Docket No.226-4: Excerpts of the transcript of the deposition of Deirdre Fitzpatrick.

To the extent the Court has already addressed sealing or redacting any of the above documents, the motion must so indicate and cite with particularity where the Court ruled. Defendants' motion must specifically explain for each document whether redaction rather than sealing is appropriate. Moreover, for the documents filed in relation to the motion for sanctions (Docket No. 215), Defendants' motion must analyze whether the applicable standard is "good cause" or "compelling reasons." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Once the above motion is filed, further argument may be presented through the default briefing procedures. *See* Local Rule 7-2(b).

IT IS SO ORDERED.

Dated: January 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge