UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiff(s),

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

    Defendant(s).

Case No.: 2:17-cv-01340-APG-NJK

**Order**

[Docket Nos. 280, 281]

Pending before the Court is Defendants' omnibus motion to seal exhibits that had been filed under seal previously. Docket No. 280; *see also* Docket No. 281 (sealed version).[1] No response was filed.[2] The Court may seal the underlying exhibit upon a particularized showing of good cause. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The motion is **GRANTED** in part and **DENIED** in part as stated below.

This motion relates to a number of exhibits that have been filed. For several of the exhibits, Defendants no longer seek an order allowing sealing and have now filed them on the public docket. *See* Docket No. 280 at 4-7; *see also* Docket Nos. 280-5, 280-6, 280-8, 280-9, 280-10, 280-11, 280-

---

[1] The pin-citations herein are to the pagination provided by CM/ECF, not the pagination provided to the documents by Defendants.

[2] Plaintiffs docketed their filing at Docket No. 294 as a response to the instant motion to seal, but that filing relates to issues involved in Defendants' motion to strike that has been resolved elsewhere. To the extent this filing was meant to serve as a response opposing the instant motion to seal, as well, the arguments presented therein do not alter the resolution of this motion.

1

12, 280-13, 280-14, 280-16, 280-17, 280-18, 280-19, and 280-22 (publicly filed exhibits). Accordingly, with respect to these exhibits there is no longer a need for judicial review as they are now publicly available, so this aspect of the motion is **DENIED** as moot.

For several other exhibits, Defendants seek permission for partial redactions that mirror redactions previously allowed by the Court for the same information. *See* Docket No. 280 at 3-7; *see also* Docket No. 280-1, 280-2, 280-3, 280-4, 280-7, 280-15, 280-20, and 280-21 (redacted versions filed on the public docket). The information at issue was the subject of prior orders. *See* Docket Nos. 177, 186. For the reasons previously provided, good cause exists for these redactions. Accordingly, this aspect of the motion is **GRANTED**.

For the two remaining exhibits, Defendants seek permission for partial redactions on which the Court has not previously ruled. *See* Docket No. 280 at 5, 6; *see also* Docket Nos. 280-7 and 280-20 (redacted versions filed on the public docket). With respect to the first exhibit, Defendants indicate that the redacted information relates to private, strategic information related to planning, internal governance, and the organizing process, the disclosure of which might harm Defendants' competitive standing. *See* Docket No. 280 at 5; *see also* Docket No. 280-23 at 16. With respect to the second exhibit, Defendants indicate that the redacted information relates to details regarding membership density, organizing efforts, and strategic advice, the disclosure of which might harm Defendants' competitive standing. *See* Docket No. 280 at 6; *see also* Docket No. 280-23 at 15. Good cause exists for these redactions. Accordingly, this aspect of the motion is **GRANTED**.

IT IS SO ORDERED.

Dated: May 23, 2019

_____
Nancy J. Koppe
United States Magistrate Judge