# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAYMOND GARCIA, et al.,

    Plaintiffs

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

    Defendants

Case No.: 2:17-cv-01340-APG-NJK

**Order (1) Granting in Part Motion to Seal and (2) Overruling Objections**

[ECF Nos. 218, 329]

    The parties have expended enormous resources (both their own and this court's) on what should be the relatively simple matter of redacting and sealing documents. As relevant here, the plaintiffs previously moved to file documents under seal. ECF No. 207. That motion was based on the defendants' designation of certain exhibits being confidential under the parties' protective order. I denied the motion because I could not discern which documents the plaintiffs wanted sealed. ECF No. 212.

    The defendants now move for me to either strike the documents the plaintiffs filed under seal or alternatively for leave to seal those documents. ECF No. 218. The plaintiffs respond by agreeing that the court has already granted redactions for exhibits 2, 4, 6, 21, and most of 30. The plaintiffs argue they unilaterally sought to redact exhibits 3, 7, 9, and 22 (which are deposition transcripts) to be consistent with other redactions the court previously has permitted. But the plaintiffs contend the defendants did not timely designate portions of these depositions as confidential, and thus the protective order does not apply. Finally, the plaintiffs argue they unilaterally sought to redact additional pages in exhibit 30 (at pages SEIU13366-68) to be consistent with other redactions the court has allowed. In a separate briefing, the plaintiffs object

to Magistrate Judge Koppe's ruling regarding a different set of motions to strike and seal. ECF No. 329.

**A. Motion to Strike or Seal (ECF No. 218)**

I grant the defendants' request to redact exhibits 2, 4, 6, and 30[1] (except for pages SEIU13366-68) as consistent with other sealing orders in this case. Because ECF No. 208 was filed under seal, the defendants did not receive a copy of it through the court's electronic case filing system. The plaintiffs apparently did not send the defendants a copy. To ensure correct copies of the documents with appropriate redactions are placed on the public record, the plaintiffs shall send the defendants a copy of ECF No. 208 in its entirety. The defendants then shall provide redacted versions of these documents on the public record and link them back to ECF No. 208.

I grant the defendants leave to move to redact portions of exhibits 3, 7, 9, and three pages of exhibit 30 (pages SEIU13366-68).[2] The defendants shall provide the plaintiffs with their proposed redactions. If the plaintiffs agree with those redactions, then the parties may file a stipulated set of redacted exhibits. If the parties do not agree, then the parties shall meet and confer to meaningfully discuss their dispute. If the parties cannot resolve any remaining issues, then the parties shall each file a five-page brief setting forth what is still in dispute and why they disagree. The plaintiffs point out that the defendants missed the deadline in the protective order to designate portions of the transcripts as confidential. But the plaintiffs overlook the clawback provision in section 5.3 of the protective order, which might apply here. To the extent the plaintiffs oppose redactions due to this timeliness argument: (1) the defendants shall address

---

[1] ECF Nos. 208; 208-1; 208-2; 208-4; 208-5; 208-6; 208-7.

[2] ECF Nos. 208 at 34-36, SEIU13366-68; 208-3; 208-8; 208-9; 208-10; 208-11.

2

whether they missed the deadline; if so, why; and whether that failure waives confidentiality; and (2) the plaintiffs shall explain why the clawback provision in the protective order should not apply.

Finally, the parties refer to exhibits 21, 22, and 29, but I can find no such exhibits attached to ECF No. 208. Consequently, I make no ruling as to those proposed exhibits.

**B. Objections (ECF No. 329)**

I overrule the plaintiffs' objections to Magistrate Judge Koppe's order on the defendants' omnibus motion to seal and to strike because they have not shown that her ruling was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). Although the plaintiffs contend Judge Koppe did not consider the plaintiffs' opposition, the very language they cite shows she did. ECF No. 329 at 3 (citing ECF No. 321 at 1 n.2).

The plaintiffs have not shown that Judge Koppe's decision to strike ECF Nos. 217 through 217-4 and 226-4 was clearly erroneous or contrary to law. ECF No. 323 at 2-3. The court has inherent authority to control its own docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

As for the exhibits attached to ECF Nos. 298 and 302, Judge Koppe ruled that the plaintiffs failed to follow the protective order's procedures that require a party to file under seal any document that the opposing party has designated as confidential. ECF No. 323 at 3. As Judge Koppe stated, the protective order's provisions "are triggered by the making of a designation and the duties of the filing party do not in any way turn on whether it agrees with a designation." *Id.* Instead, the "proper course for challenging designations is to follow the specific mechanism identified in the protective order for doing so." *Id.* at n.2. Because the

plaintiffs did not follow those procedures, the "underlying issue of whether the designations were appropriate in this case [was] not properly before" Judge Koppe. *Id.*

Finally, Judge Koppe did not err by stating that the transcripts were designated as confidential before the plaintiffs filed them on the record. For those exhibits that were not stricken, the defendants designated the transcripts as confidential before the plaintiffs filed them. *Compare* ECF No. 310-1 at 2 (designations in November and December 2018) *with* ECF Nos. 298 (filed March 25, 2019) and 302 (filed April 15, 2019). The plaintiffs have not shown Judge Koppe's order requiring them to follow the protective order's procedures was clearly erroneous or contrary to law, even if the plaintiffs ultimately might be correct about the untimeliness of the designations.

**C. Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for reconsideration or to seal **(ECF No. 218) is GRANTED in part** as follows:

- The plaintiffs shall provide a complete copy of ECF No. 208 to the defendants.

- Within 10 days of receiving a copy of ECF No. 208, the defendants shall file redacted versions of exhibits 2, 4, 6, and 30 (ECF Nos. 208; 208-1; 208-2; 208-4; 208-5; 208-6; 208-7) in a publicly accessible form, linking back to ECF No. 208.

- Within 15 days of receiving a copy of ECF No. 208, the defendants shall provide to the plaintiffs proposed redactions for exhibits 3, 7, 9, and three pages of exhibit 30. ECF Nos. 208 at 34-36, SEIU13366-68; 208-3; 208-8; 208-9; 208-10; 208-11.

- Within 10 days of receiving the proposed redactions, the plaintiffs shall notify the defendants whether they agree with those proposed redactions. If the plaintiffs agree, then the parties shall file a stipulated set of redacted exhibits. If the parties do not agree, then they shall

meet and confer to meaningfully discuss their disputes.  If the parties cannot resolve any remaining issues, then 10 days after the meet-and-confer, the parties shall each file a five-page brief setting forth what is still in dispute and why they disagree.

IT IS FURTHER ordered that the plaintiffs' objections **(ECF No. 329) are OVERRULED**.

DATED this 13th day of August, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE